## LANGSTON CORPORATION

v.

## STANDARD REGISTER COMPANY, et al.

### Civ. A. No. C82–1204.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 9, 1982.

Jefferson D. Kirby, III, Ford, Harrison, Sullivan, Lowry & Sykes, Atlanta, Ga., Nicholas C. Hollenkamp, Turner, Granzow & Hollenkamp, Dayton, Ohio, for Standard Register Co.

Susan A. Cahoon, Kilpatrick & Cody, Atlanta, Ga., Lyle Gritchen, Jack A. Rovner, G. Christian Kronberg, Kent A. Zigterman, Martin L. Lagod, Kirkland & Ellis, Chicago, Ill., for Voluntary Hospitals of America, Inc.

John K. Train, III, Martin J. Elgison, Alston, Miller & Gaines, Atlanta, Ga., Walter C. Greenough, Susan Lichtenstein, William A. Montgomery, Schiff, Hardin & Waite, Chicago, Ill., for UARCO, Inc.

Douglas F. Dent, Greenville, S. C., for John Q. Zeisler, third party defendant.

George W. Armbrister, Jr., Atlanta, Ga., for Fred W. Smithwick, Jr., third party defendant.

George Grant Crooks, Charles R. Desiderio, for plaintiff; Ruby Carpio Bell, Atlanta, Ga., of counsel.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the Court on Plaintiff's Motion to Compel Answers from Officers of Defendant VHA, filed September 2, 1982. The motion is accompanied by a memorandum. A reply memorandum was filed by Defendant Voluntary Hospitals of America, Inc. ("VHA") on September 7, 1982, pursuant to oral direction of the Court limiting the time for response.

Plaintiff's motion complains of deficiencies in a document production in which Defendant VHA produced documents in response to subpoena duces tecum served for depositions for two of its officers, Robert J. Kitzman and Don L. Arnwine on August 25, 1982. Pursuant to agreement of counsel, the requested documents were actually produced on the date immediately preceding the depositions. Plaintiff's motion also appears to urge the Court to compel Messrs. Arnwine and Kitzman to answer certain questions not fully answered at their depositions, although the motion does not specify particular questions but rather alleges generally that harassment tactics effectively blocked Plaintiff's counsel from conducting a proper examination of the witnesses. Plaintiff asks the Court to direct that Messrs. Arnwine and Kitzman be redeposed in Atlanta, Georgia prior to the preliminary injunction hearing set for September 16, 1982, and that the Court award attorney's fees and expenses to Plaintiff. Plaintiff also asks the Court to order Defendant VHA to properly produce "any records relating to these subjects" and also to enter an order compelling the deponents to answer "certain questions to which counsel for Defendant VHA improperly directed Mr. Arnwine and Mr. Kitzman not to respond."

■ Defendant VHA correctly points out in its reply memorandum that Plaintiff has not complied with Local Rule 91.6 which requires that a motion to compel discovery quote verbatim "each interrogatory, request for admission, request for production to which objection is taken"; the specific objection involved; the grounds assigned for the objection and the reasons supporting the motion. The rule states that the objections and grounds "may not be made generally." Although the rule in question does not specifically mention deposition questions, it is implicit that any motion to compel must specifically make the Court aware of what matters are sought to be compelled.

■ Although the Court could deny Plaintiff's motion outright, it chooses not to do so. The preliminary injunction hearing is one week away. The Court does not wish

to reset the hearing and neither does it wish the parties to come to the hearing without the benefit of discovery calculated to achieve a just result on the merits. Therefore, the Court will proceed to consider Plaintiff's motion to the extent that its contentions are clearly revealed in its motion and brief.

Initially, the Court notes the transcript entitled Certification of the Proceedings Prior to the Deposition of Don L. Arnwine, filed as Exhibit A to Plaintiff's Motion to Compel. Given the apparent tone and content of the exchange between counsel for Plaintiff and counsel for Defendant VHA evidenced by this transcript, it is hardly surprising that the depositions of Messrs. Arnwine and Kitzman proceeded in less than an optimal fashion, to say the least. Unfortunately, the Court is unable on the basis of this limited record to assign blame for the apparently hostile attitude between these counsel which existed at the outset of these depositions.

Turning to the depositions themselves, it is noted that Defendant is correct in its statement that VHA's counsel only once expressly instructed the deponent, Mr. Arnwine, not to answer Plaintiff's counsel's question. Page 27, Arnwine Deposition. Secondly the Court notes that a fair percentage of the questions objected to were not clearly phrased. Some of these questions did not seek to elicit helpful or admissible testimony. Some of these questions duplicated questions previously asked. Therefore, defense counsel did have a right to object. However, reading the two depositions as a whole, the Court agrees with Plaintiff that the manner in which the objections were made effectively blocked Plaintiff's counsel from eliciting testimony from the deponents. For example:

Q. (Addressed to Deponent Kitzman by Plaintiff's counsel). What other facts do you have in your possession or does the VHA have in its possession to sustain the allegation of the counterclaim?

MR. ROVNER: We have the facts we used to write our counterclaim. He has already testified to these telephone conversations and so forth. Do you want to be a little more specific about that or do you want him to tell you what is the basis for the counterclaim, in which case I will just refer you to the counterclaim?

Page 146, Kitzman Deposition.

Plaintiff's counsel could have insisted that this question be answered. However, she elected to rephrase the question and the following colloquy then occurred:

Q. (by Ms. Bell) Aside from the two telephone conversations you have just testified to, Mr. Kitzman, aside from the two telephone conversations, what is the basis for your counterclaim against John Zeisler, Fred Smithwick, and Langston Corporation to defraud VHA?

MR. ROVNER: You are asking for his personal knowledge; right?

MS. BELL: Uh-huh.

MR. ROVNER: I'm not sure he can answer that question, but if you think you can—

MR. DESIDERIO: I don't think it is a question of whether we think he can. I think it is a question of whether he thinks he can.

MR. ROVNER: That is what I just said. If he thinks he can, he can answer it.

THE WITNESS: I don't understand enough about the law to understand all the basis and what have you, but it is my understanding that counsel for VHA through the good offices of Kirkland & Ellis have had—

MR. ROVNER: Hold it. That is enough. Next question.

MS. BELL: Are you instructing him not to answer?

MR. ROVNER: That is attorney/client privilege—

MS. BELL: He has to claim that himself.

MR. ROVNER: I'm advising him that is attorney/client privilege. I agree he has the right to exercise the perogative [sic].

MR. DESIDERIO: It sounds as if you are instructing to exercise that privilege.

MR. GREENOUGH: I normally do in my depositions.

MR. ROVNER: Well, let me just state I can try to instruct him all I want, but they hired me, so if they don't like my instruction, they can fire me or ignore it. That is the way it usually works when you employ somebody.

THE WITNESS: I would like the record to show that it is very rare that an attorney acknowledges that advice can be accepted or rejected.

Q. (by Ms. Bell) Are there any other witnesses, Mr. Kitzman, of which you are aware who have any information regarding the counterclaim pending against John Zeisler, Fred Smithwick, and Langston Corporation?

A. There is nothing that I am aware of, no, ma'am. There is no other witnesses [sic] or I—

MR. ROVNER: Give that some thought there.

THE WITNESS: Well, maybe you better repeat the question.

MR. DESIDERIO: Let the record show that Mr. Rovner, is coaching his witness in that answer by directing his finger at Mr. Zeisler.

MR. ROVNER: I just want the record to reflect the facts. I think it is pretty obvious that at least two people are going to be—know about the facts that are alleged in the counterclaim, Mr. Zeisler and Mr. Smithwick.

MR. GREENOUGH: I will stipulate to that.

MR. ROVNER: I also believe Mr. Desiderio may know about it from some of the things we were talking about this morning.

MR. GREENOUGH: There is no mystery. I will also point out for the record that we have already had some testimony from this witness that Mr. Braun said he had called Mr. Vallentini, so Mr. Vallentini might be a witness.

MR. ROVNER: Maybe.

MR. DESIDERIO: Can't he answer that question?

MR. GREENOUGH: He already has.

MR. ROVNER: We are just trying to make sure we get the facts out. He is obviously confused when you use the term witness, because you are a bunch of lawyers sitting around and he is a witness being deposed.

Q. (By Ms. Bell) Mr. Kitzman, was the counterclaim that has been interposed in this current litigation based upon the conversations you had with Mr. Ron Braun?

MR. ROVNER: I'm afraid he can't answer that question. He doesn't know. I will represent that he does not know.

MR. DESIDERIO: You will state that into the record?

MR. ROVNER: I drafted the counterclaim. My office addressed the counterclaim. We know what it is based on. Most lawyers do. Do you want him to tell you what the legal standards for the counterclaim are? You want him to tell you whether our drafting the counterclaim is based on his conversation with Ron Braun? Come on, let's get on with it.

MS. BELL: I want to know every fact that Mr. Kitzman knows that has any bearing whatsoever on the allegations contained in the counterclaim.

MR. ROVNER: Fine, ask him that.

MR. GREENOUGH: That question is overbroad. You might as well have asked him at the outset of this deposition for every fact that he knows that supports your complaint. I would have objected to that question.

MS. BELL: Are you advising him not to answer that?

MR. GREENOUGH: He is not my client, so I assure you I am not.

The net of the foregoing quoted portion of the deposition, as well as succeeding portions, was that Plaintiff got virtually no information about Defendant's counterclaim. A primary reason for this was that

both Plaintiff's counsel and the deponent reasonably believed that the deponent was being instructed not to answer, even though no such express instruction was given by defense counsel to the witness. Another reason is that defense counsel improperly interjected comments or instructions to the deponent after questions were asked.

A similar problem exists in the Arnwine deposition. For example, at page 52, the following colloquy is noted:

Q. (By Ms. Bell) Does VHA take responsibility, Mr. Arnwine, for a publication of its own financial reports?

MR. GREENOUGH: I object as incomprehensible. I need a definition for take responsibility for.

MR. ROVNER: I agree.

MS. BELL: You can go ahead and answer the question.

MR. ROVNER: No, he needs to know—

MS. BELL: Are you instructing him not to answer?

MR. ROVNER: The question is objected to because it is unanswerable. So we can't expect the witness to answer something that no one around here understands unless you would like to explain what you mean.

Q. (By Ms. Bell) How do you arrive at your financials for VHA, Mr. Arnwine, that are published? Do you publish them annually?

MR. ROVNER: What is the question? Or I object. It is a compound question.

Q. (By Ms. Bell) Do you publish an annual financial statement for VHA, Mr. Arnwine? Does VHA publish an annual financial statement?

MR. ROVNER: Objection, compound question. What one are you asking?

As a result of the manner in which objections were made, the Plaintiff did not have a fair opportunity to cross examine these two apparently important witnesses. Therefore, the Court GRANTS Plaintiff's Motion to Compel to the extent that it seeks leave to take the depositions again, at the expense of Defendant VHA. Defend-

ant VHA is hereby ORDERED to make deponents Arnwine and Kitzman available for supplemental depositions in Atlanta, Georgia on Tuesday, September 14, at 10:00 a.m. in the office of their Atlanta counsel, or at any other time and place mutually acceptable to all parties.

In order to assist in the progress of these two depositions, whenever they should occur, the Court makes the following rulings:

1. Plaintiff's Motion to Compel deponent Arnwine to answer the question appearing at his deposition on page 27, line 10, is hereby GRANTED.

2. Plaintiff's Motion to Compel production of the documents enumerated in Requests Nos. 1 and 12 attached to the deposition subpoenas dated August 19, 1982, directed to deponents Arnwine and Kitzman is hereby GRANTED.

3. Counsel are reminded that the mere lodging of an objection to a deposition question does not in most cases provide a legitimate basis for directing the witness, either explicitly or implicitly, not to answer the question. Also, deponents' counsel should refrain from making comments to the witness calculated to direct him in his response to questions.

The documents ordered to be produced shall be produced no later than the close of business on Monday, September 13, at the offices of Plaintiff's counsel in Atlanta, Georgia.

Finally, the Court GRANTS Plaintiff's request for an award of the reasonable expenses incurred in obtaining this Order, including attorney's fees.

SO ORDERED, this 8 day of September, 1982.